St. Paul Fire and Marine Insurance Co., plaintiff *v.* United States, defendant

Court No. 82–8–01099

Before DiCarlo, *Judge.*

(Decided June 18, 1985)

*Sandler and Travis, P.A. (Andrew M. Parish* and *Edward Joffe),* for the plaintiffs.
*Richard K. Willard,* Acting Assistant Attorney General, *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office *(Kenneth N. Wolf),* for the defendants.

DiCarlo, *Judge:* Plaintiff moves under Rule 37 of the Rules of this Court for an order to compel defendant to produce transcripts of testimony before a grand jury convened in the United States District Court for the Western District of New York, relating to the indictment in *United States* v. *International Citrus of Canada, Inc. and Joseph Blum,* Criminal Docket No. 81–00094.

Plaintiff alleges that defendant has had access to this information in the preparation of its defense, and seeks access to the transcripts citing Rule 6(e)(3)(C)(i) of the Federal Rules of Criminal Procedure.

Subsection (e)(3)(C)(i) of Rule 6 permits disclosure of grand jury transcripts "when so directed by a court preliminary to or in connection with a judicial proceeding."

Plaintiff cites no case inconsistent with the requirement that a petition to obtain grand jury transcripts from a party bound by Rule 6(e) must be brought in the court which supervised the grand jury proceedings. This requirement, set forth in *Douglas Oil Co.* v. *Petrol Stops Northwest*, 441 U.S. 211 (1978), was adopted in 1983 as Rule 6(e)(3)(D) of the Federal Rules of Criminal Procedure, which states: "A petition for disclosure pursuant to subdivision (e)(3)(C)(i) shall be filed in the district where the grand jury convened.* * *"

Although the disclosure proceeding may later be transferred to this Court, *see* Fed. R. Crim. P. 6(e)(3)(E), plaintiff's discovery request is controlled by Rule 6(e) of the Federal Rules of Criminal Procedure, and as such its petition must be directed to the United States District Court for the Western District of New York. *See Douglas Oil Co.* v. *Petrol Stops Northwest, supra; United States ex rel. Woodard* v. *Tynan*, 757 F.2d 1085, 1088 n.2 (10th Cir. 1985).

ORDERED that the motion to compel discovery is denied.